*FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10755-GHK (PJWx) | Date | January 20, 2012 |
|---|---|---|---|
| Title | *Federal National Mortgage Association v. Richard Barrera, et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:     (In Chambers) Order Remanding Case**

Defendants Richard and Lydia Barrera (collectively, "Defendants") removed the above-titled unlawful detainer action to this Court on December 28, 2011.  Defendants previously removed this same case, in October 2011, and at that time we ordered Defendants to show cause ("OSC") why the case should not be remanded to state court due to our lack of subject matter jurisdiction.  *See* No. CV 11-8769-GHK (PJWx).  Thereafter, Defendants responded to our OSC but failed to sufficiently set forth a basis for our subject matter jurisdiction.  Accordingly, we remanded the case to the state court from which it was removed.

In this Notice of Removal ("NOR"), Defendants entirely fail to assert a basis for subject matter jurisdiction.  As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**I.     We lack diversity jurisdiction over this matter**

There is no basis for us to exercise diversity jurisdiction over this matter.  "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000."  *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).  Defendants do not allege their own citizenship or the citizenship of Plaintiff Federal National Mortgage Association ("Plaintiff").  Accordingly, we cannot assess whether the Parties are completely diverse.  Nonetheless, the amount in controversy in this case does not exceed the jurisdictional threshold of $75,000.  In unlawful detainer cases, the right to possession – not title to the property – is at issue, and thus the amount in controversy is determined by the damages sought by the Complaint.  *See Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, at *2 (C.D. Cal. Feb. 9, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)).   The Complaint clearly states that the damages sought by Plaintiff do not exceed $10,000.  As such, there is no diversity jurisdiction in this case.

*FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10755-GHK (PJWx) | | Date | January 20, 2012 |
|---|---|---|---|---|
| Title | *Federal National Mortgage Association v. Richard Barrera, et al.* | | | |

## II.    We lack jurisdiction under 28 U.S.C. § 1443(1)

In their NOR, Defendants state, "The State Court treats individuals appearing in propria persona with bias and unfairness in that it denies all objections and motions in favor of the individual."  We construe this statement to be an attempt to invoke our jurisdiction pursuant to 28 U.S.C. § 1443.  Section 1443 provides that a defendant may remove from state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C.  § 1443(1).  Section 1143(1) presents a "specific and extremely narrow" ground for removal.  *Davis v. Superior C*, 464 F.2d 1272, 1273 (9th Cir. 1972).  "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966)."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.  Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Id.* at 999 (internal quotation marks omitted).

Defendants' allegation in the NOR does not meet this two-part test.  Bare assertions as to alleged bias in state sourt against *pro se* plaintiffs are not sufficient to support removal pursuant to § 1443.  As the Supreme Court noted:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court . . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*See Peacock*, 384 U.S. at 827-28.

Since Defendants have failed to satisfy the two-part test discussed above, removal under § 1443(1) is improper.

The party seeking to establish jurisdiction bears the burden of proving such.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Defendants have not established that we have subject matter jurisdiction over this action.  Accordingly, we once again **REMAND** this case to the state court from which it was removed.

*FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10755-GHK (PJWx) | Date | January 20, 2012 |
|---|---|---|---|
| Title | *Federal National Mortgage Association v. Richard Barrera, et al.* | | |

**IT IS SO ORDERED.**

--- : ---

Initials of Deputy Clerk          ljw for Bea